IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

WILLIAM MARK MIZE,

    Petitioner

VS.

WILLIAM TERRY, Warden,

    Respondent

CIVIL ACTION NO.: 3:02-CV-110 (DF)

## ORDER

Pending before the Court is Petitioner's Motion for Evidentiary Hearing. (Tab 75). For the reasons discussed below, this motion is denied.

## I. STANDARDS GOVERNING THE REQUEST FOR AN EVIDENTIARY HEARING

As this case was filed after April 24, 1996, 28 U.S.C. § 2254 (e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs the request for an evidentiary hearing. *See McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Section 2254 (e)(2) provides as follows:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>     (A) the claim relies on--
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254 (e)(2)

The Eleventh Circuit recently explained that "[s]ection 2254 (e)(2) severely limits the

circumstances in which a district court may properly conduct an evidentiary hearing." *LeCroy v. Sec'y Fla. Dep't. of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). However, "[b]y the terms of its opening clause the statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings'." *Williams v. Taylor*, 529 U.S. 420, 430 (2000)(quoting 28 U.S.C. § 2254 (e)(2)).

A petitioner is said to have "failed to develop the factual basis of a claim in State court proceedings" only if "there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432; *Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002); *Isaacs v. Head*, 300 F.3d 1232, 1248-49 (11th Cir. 2002). "The question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts. The purpose of the fault component of 'failed' is to ensure the prisoner undertakes his own diligent search for evidence." *Williams*, 529 U.S. at 435. As the United States Supreme Court recently explained, evidence that was not presented to the state court "could . . . [be] the subject of an evidentiary hearing by the District Court, but only if [the petitioner] was not at fault in failing to develop that evidence in state court." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). If the petitioner was at fault in failing to present the evidence during the state proceedings, the district court can hold an evidentiary hearing only if the conditions set forth in § 2254 (e)(2)(A) & (B) are met. *Id.*

On the other hand, if the petitioner has been reasonably diligent in his pursuit to present the evidence in state court, § 2254 (e)(2) would not bar an evidentiary hearing, and the district court then has to turn to pre-AEDPA law to determine whether it should hold an evidentiary hearing. *See Townsend v. Sain*, 372 U.S. 293 (1963); Randy Hertz, James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 20.1b (4th ed. 2001)(explaining that "[e]ven after AEDPA, . . . *Townsend's* mandatory hearing standards–and its delegation to district courts of broad discretion to hold hearings that are not mandated–continues to govern all situations save those in which the petitioner's procedural default accounts for the state court's failure to develop the material facts").

Under these standards, a district court must grant an evidentiary hearing if the petitioner shows the following three conditions have been met:

> (1) the petition alleges facts that, if proved, entitle petitioner to relief; (2) the fact-based claims survive summary dismissal because their factual allegations are not "palpably incredible" . . . ; and (3) . . . the factual claims were not previously the subject of a full and fair hearing in the state courts or, if a full and fair state court hearing was held, it did not result in state court fact findings that resolved all the controlling factual issues in the case.

*Id*. at 806-807 (quotations omitted). *See generally McCoy v. Wainwright*, 804 F.2d 1196 (11th Cir. 1986); *Matheney v. Anderson*, 253 F.3d 1025, 1039 (7th Cir. 2001), *cert. denied*, 535 U. S. 1030 (2002).

## II. APPLICATION OF THESE STANDARDS TO PETITIONER'S SPECIFIC REQUESTS

Petitioner requests an evidentiary hearing to develop evidence relating to Claims Two and Three in his Amended Petition for Writ of Habeas Corpus (hereinafter "Claim Two" and "Claim Three").[1] Petitioner also states that an evidentiary hearing is necessary so that he might introduce evidence to challenge Respondent's claim of procedural default as to Claim Two.

It is somewhat unclear exactly what evidence Petitioner wishes to present at an evidentiary hearing. Petitioner's September 14, 2005 brief details a great deal of evidence that was introduced at both Petitioner's trial and during his Motion for New Trial. All of this evidence is already in the record and does not need to be presented again at a federal evidentiary hearing. Petitioner's main claim seems to be that he is entitled to an evidentiary hearing to present the July 15, 2000 affidavit of Mary Samantha Doster.

However, Ms. Doster's affidavit is already part of the record in this case. The record shows that at a hearing held on September 19, 2000 in the Butts County Superior Court, Thomas Dunn of the Georgia Resource Center submitted an "Amendment to Petition for Writ of Habeas Corpus."

---

[1] Claim Two reads as follows: "Petitioner's right to due process, protected by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the State's key witnesses lied at trial about facts critical to the jury's determination of guilt." (Tab 19, p. 23). Claim Three reads as follows: "Petitioner's right to due process, protected by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, was violated when the state court failed to reverse Mize's conviction because the actual shooter, who was the one person directly responsible for Eddie Tucker's death, admitted so in various sworn statements after Mize's trial." (Tab 19, p. 27).

(Resp't Ex. 52, p. 56). Claim II of this amendment contained the allegation that "[t]he State knowingly or negligently presented false testimony in pretrial and trial proceedings, and there is a reasonable likelihood that the false testimony could have affected the judgment of the trial court/fact-finder at trial." (Resp't Ex. 52, p. 68). Mr. Dunn also submitted the following documents to the habeas court: (1) Mary Samantha Doster's June 15, 2000 Affidavit; (2) a Notice of Intent to Rely Upon Affidavits; and (3) Petitioner's Witness List that contained the name and address of Mary Samantha Doster, as well as numerous other witnesses. (Resp't Ex. 52). Mr. Dunn explained that if he represented Petitioner these are the documents that he would present. (Resp't Ex. 52, p. 8, 35-36).

At this hearing, however, Petitioner informed the state court that he did not want any assistance from Mr. Dunn or the Georgia Resource Center, and he wanted the court to rely solely on his *pro se* filings. (Resp't Ex. 52, p. 19-21, 24-25). In other words, Petitioner refused to allow his state habeas corpus petition to be amended to include the claim of prosecutorial misconduct (Claim Two). However, Petitioner did tell the court that he wanted to file the affidavit that Mr. Dunn presented to the court. (Resp't Ex. 52, p. 54-55). Therefore, Mary Samantha Doster's affidavit is in the record and this Court does not need to hold an evidentiary hearing to receive evidence that is already before it.

To the extent that Petitioner wants to introduce additional testimony or evidence that was not presented at the state level, such evidence "could . . . [be] the subject of an evidentiary hearing by the District Court . . . only if [Petitioner] was not at fault in failing to develop that evidence in state court." ***Holland v. Jackson***, 542 U.S. 649, 652-53 (2004). The record in this case shows that, prior to filing his federal habeas petition, Petitioner filed three state habeas corpus petitions.[2] (Resp't Exs. 34, 37). Additionally, the state court held numerous hearings. (Resp't Exs. 37, 50, 52). The

---

[2] This does not include the fourth state habeas corpus petition that Petitioner recently filed in the Butts County Superior Court on May 23, 2005, which was dismissed as successive.

transcript from the September 19, 2000 hearing shows that Petitioner was well aware of Ms. Doster's affidavit and the fact that she had changed her story regarding Petitioner's involvement in the murder of Eddie Tucker. (Resp't Ex. 52). In an October 31, 2000 letter, Thomas Dunn informed Petitioner of the upcoming state evidentiary hearing and told Petitioner that he needed to call witnesses at the hearing, and rely on the affidavits that Mr. Dunn had submitted at the September 12, 2000 hearing. (Resp't Ex. 37 p. 316). The Butts County Superior Court did hold the evidentiary hearing on February 1, 2001. The court informed Petitioner that he could call any witnesses he wanted. (Resp't Ex. 37, p. 6). Petitioner, who insisted on acting *pro se*, failed to call any witnesses (other than himself).

Given this record, it is clear that Petitioner was not reasonably diligent in presenting additional evidence to support habeas Claims Two and Three, or any other claims for that matter.[3] Petitioner had more than ample opportunity to present evidence to support his claims and he simply failed to do so. As the Court explained in *Williams*, "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams*, 529 U.S. at 437; *see also McNair v. Campbell*, 416 F.3d 1291, 1298 (11th Cir. 2005)(holding that the district court erred in grating an evidentiary hearing because the petitioner did not diligently pursue an attempt to establish the factual basis of his claims in state court). This Court cannot allow the development of facts that should have been developed at the state level.

As the Court finds that Petitioner did not exercise reasonable diligence at the state level to develop the factual record, the only way he would be entitled to an evidentiary hearing is if he meets the strict requirements of § 2254(e)(2)(A) and (B). Therefore, only if Petitioner could show that his

---

[3] For a complete procedural history of this case and more discussion regarding Petitioner's lack of diligence in investigating and pursuing Claim Two, see the Court's July 29, 2005 Order denying Petitioner's motion to hold proceedings in abeyance pending exhaustion.

claim relies on a new rule of constitutional law or a hidden factual predicate and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense," would he be entitled to an evidentiary hearing. 28 U.S.C. § 2254 (e)(2)(A)-(B). Petitioner makes no such allegation and he has made no such showing. Therefore, § 2254(e)(2) would prohibit an evidentiary hearing in this case.

### III. CONCLUSION

Based on the above, Petitioner's Motion for Evidentiary Hearing is **DENIED**.

**SO ORDERED**, this _12_ day of _Dec._, 2005.

_____
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/lnb