IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

WILLIAM MARK MIZE,                      :
                                        :
            Petitioner                  :
                                        :
      VS.                               :
                                        :     CIVIL ACTION NO.: 3:02-CV-110 (DF)
WILLIAM TERRY, Warden,                  :
                                        :
            Respondent                  :
                                        :
_____ :

Filed at ___230___PM
DATE ___8/17/06___
_____
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## O R D E R

On May 15, 2006, Petitioner filed his Brief in Support of All Exhausted Claims. On June

14, 2006, Respondent filed his Brief in Opposition to Petitioner's Brief on All Exhausted Claims.

Claim Three, as stated in Petitioner's federal habeas corpus petition and addressed in his

brief reads as follows:

Petitioner's right to due process, protected by the Fifth, Sixth, Eighth, and Fourteenth
Amendments to the United States Constitution was violated when the state court
failed to reverse Mize's conviction because the actual shooter, who was the one
person directly responsible for Eddie Tucker's death, admitted so in various sworn
statements after Mize's trial.

(R. at 19, p. 27).

Petitioner seems to allege that he exhausted this claim as part of his ineffective assistance of

counsel claim. Petitioner states as follows in his brief:

Petitioner's appellate counsel raised this issue on direct appeal as a claim of
ineffective assistance of counsel in Enumeration of Error, Item X [Res. Ex. 25, Claim
X, Appellant's Brief at pages 84-87] but the Georgia Supreme Court affirmed the
conviction and sentence, holding that trial counsel was not ineffective for failing to
present the jury additional evidence of Hattrup's admissions of sole liability for the
shooting death of Tucker.

(Pet'r May 15, 2006 Br., p. 21).

However, Petitioner is not now raising this issue as part of his ineffective assistance of counsel claim. Instead, what Petitioner is now alleging is that his right to due process, protected by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, was violated when the state court failed to reverse his conviction after Chris Hattrup's post-trial testimony. It appears this is a separate and distinct claim from the one involving ineffective assistance of counsel.

Respondent seems to allege that Petitioner exhausted this claim when he raised an issue of "actual innocence" on direct appeal and the Georgia Supreme Court held the evidence was sufficient to find Petitioner guilty of malice murder. (Resp't June 14, 2006 Br., p. 11). However, this Court can find no where in the Notice of Appeal (Resp't Ex. 24), Enumerations of Error (Resp't Ex. 25), or 132 page Brief of Appellant (Resp't Ex. 25) in which Petitioner even mentions his current claim that his conviction should have been reversed due to Chris Hattrup's testimony. In fact, the Court has located no where in any documents that were before the Georgia Supreme Court in which Petitioner alleges that the information developed post-trial; i.e., Chris Hattrup's testimony and affidavit, warranted reversal of his conviction.

In Ground Two of his December 21, 1999 state habeas petition, Petitioner did assert "actual innocence" based on Chris Hattrup's affidavit testimony and attached Mr. Hattrup's affidavit. The state habeas court held as follows:

> Petitioner alleges in Ground Two that he is actually innocent. However, "[i]t is not the function of the writ of habeas corpus to determine the guilt or innocence of one accused of a crime." **Duyton v. Wanzer**, 240 Ga. 509, 510, 241 S.E.2d 228 (1978). Accordingly, this issue is not properly before this Habeas Court.
> Further, this Court notes that the issue of actual innocence was previously raised at Petitioner's motion for new trial and rejected by the trial court.[1] (Resp't Ex 42).

---

[1]Note that the state habeas court did not find that the issue had been raised during appeal to the Georgia Supreme Court.

As the parties are aware, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v Connor*, 404 U.S. 270, 275 (1971). A federal habeas petitioner must have fairly presented his claim to the state court prior to presenting it to the federal court. In order to "fairly present" a claim, "a state prisoner [must] present the state courts with the **same claim** he urges upon the federal courts." *Id*. at 276 (emphasis added).

After a review of the record in this case, the Court questions whether Claim Three of Petitioner's federal habeas petition has been exhausted. Therefore, it is ordered that the parties address the issue of exhaustion of Claim Three. Furthermore, if it is maintained that the claim is not exhausted, the parties should address why the Court should or should not treat the claim as procedurally defaulted.

Respondent should have thirty (30) days from the date of this Order to file his brief on the issues of exhaustion and procedural default of Claim Three and Petitioner shall have twenty (20) days from the date of Respondent's brief to file any necessary response.

**SO ORDERED**, this  /6  day of August, 2006.

DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/lnb