IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

WILLIAM MARK MIZE,    &ast;

    Petitioner  &ast;

   VS.     &ast;
            CASE NO. 3:02-CV-110 (CDL)
WILLIAM TERRY, Warden,  &ast;

    Respondent  &ast;

O R D E R

Petitioner has filed a "Motion to Open the Judgment to Make New Findings of Fact and Conclusions of Law and Enter a New Judgment Pursuant to Rule 59[1] of the Federal Rules of Civil Procedure" (hereinafter "Rule 59 Motion") and an "Addendum to Petitioner's Rule 59 Motion." (Doc. 96 and 97.) For the reasons discussed below, the Rule 59 Motion, as amended, is denied.

In Petitioner's Rule 59 Motion, he requests "that he be allowed to present facts and law regarding 'cause' and 'prejudice' and 'miscarriage of justice'" in relation to Claim Three of his federal habeas corpus petition.[2] The record in this case shows that Petitioner addressed the merits of Claim Three in his May 15, 2006

---

[1]Fed. R. Civ. P. 59 (e) reads as follows: "Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

[2]Claim Three, as stated in Petitioner's federal habeas corpus petition, reads as follows: "Petitioner's right to due process, protected by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution was violated when the state court failed to reverse Mize's conviction because the actual shooter, who was the one person directly responsible for Eddie Tucker's death, admitted so in various sworn statements after Mize's trial." (Am. Pet. For Writ of Habeas Corpus by a Person in State Custody 27.)

brief; and Respondent addressed the merits of the claim in his June 14, 2006 brief. After reviewing the briefs and the record, the Court questioned whether Claim Three had been exhausted at the state level. Therefore the Court entered an Order dated August 17, 2006 that directed the parties as follows: "[I]t is ordered that the parties address the issue of exhaustion of Claim Three. Furthermore, if it is maintained that the claim is not exhausted, the parties should address why the Court should or should not treat the claim as procedurally defaulted."

On September 11, 2006, Respondent filed his brief in which he maintained that Claim Three was unexhausted and, thus, procedurally defaulted. Respondent, as ordered, filed his brief twenty days prior to the date Petitioner's brief was due. Therefore, prior to filing his brief regarding the exhaustion of Claim Three, Petitioner was well aware that his opposing party maintained that Claim Three was procedurally defaulted. In accordance with the Court's August 17, 2006 Order, it was clearly up to Petitioner to "address why the Court should . . . not treat the claim as procedurally defaulted" if he so desired. In other words, it was up to Petitioner to address whether he could overcome the alleged procedural default by the only means available in a habeas corpus action: by showing cause and prejudice or a fundamental miscarriage of justice. *See Jones v. Campbell*, 436 F.23d 1285, 1304 (11th Cir. 2006).

On October 2, 2006, Petitioner filed his brief. Petitioner simply alleged that he had exhausted Claim Three at the state level. Although, he clearly had knowledge of the allegations in Respondent's

2

September 11, 2006 brief, Petitioner completely failed to respond to Respondent's allegations that the claim was procedurally defaulted. Petitioner did "request[] a briefing schedule" to allow him to address why the claim should not be treated as procedurally defaulted. However, the Court had already ordered that if it was maintained Claim Three was not exhausted—as Respondent clearly maintained—Petitioner had to address why the Court should not treat the claim as procedurally defaulted. The Court was under no obligation to grant Petitioner's request and enter a "briefing schedule" to allow Petitioner to brief issues that he should have already addressed. Instead, in an abundance of caution, the Court decided to go ahead and address the merits of Claim Three. After reviewing all of the briefs and the voluminous record, the Court determined that even if Claim Three of his federal habeas petition was not procedurally barred, the claim would still fail. (Order 18-19, Nov. 17, 2006.)

What Petitioner is currently requesting in his Rule 59 Motion is that the Court allow him a chance to overcome the procedural default of Claim Three so that the Court might review the claim on the merits. However, Petitioner has already "received such substantive consideration." *Davis v. Terry*, 465 F.3d 1249, 1253 (11th Cir. 2006). Therefore, even if the Court granted Petitioner's Rule 59 Motion, allowed further briefing regarding Claim Three, and determined that the claim was not procedurally defaulted, this Court's ultimate decision regarding the merits of Claim Three would remain the same. In short, the Court has already decided the merits

3

of the claim and Petitioner cannot now "be heard to complain that the test for achieving a desired result [(i.e., substantive review)] was not applied, or not applied correctly, when the desired result [(i.e., substantive review)] was, in fact obtained." *Id*.

In the Addendum to Petitioner's Rule 59 Motion, Petitioner complains that he has not had an opportunity to brief the issues of cause and prejudice and miscarriage of justice in relation to Claim Two of his federal habeas petition.[3] However, a review of the filings in this case shows that Petitioner has already briefed these issues.

Specifically, on January 12, 2006, in accordance with the Consent Scheduling Order, as amended, Petitioner filed his "Brief Regarding Exhaustion, Procedural Default, *Cause and Prejudice, and Fundamental Miscarriage of Justice For Claims Two*, Four, Five, and Six of the Amended Petition for Writ of Habeas Corpus." (Emphasis added.) Contrary to Petitioner's current argument that the Court "summarily denied Claim Two without providing Petitioner's counsel with the opportunity to address the issue of overcoming the procedural default," Petitioner devoted no less than thirteen pages of his brief to addressing cause and prejudice and fundamental miscarriage of justice to overcome procedural default. After reviewing the briefs and record, the Court held that Petitioner had procedurally defaulted Claim Two, but determined that, in accordance

---

[3]Claim Two as stated in Petitioner's federal habeas corpus petition reads as follows: "Petitioner's right to due process, protected by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the State's key witness lied at trial about facts critical to the jury's determination of guilt."

with the Supreme Court Case of *Dretke v. Haley*, 541 U.S. 386, 394 (2004),[4] it would defer ruling on the issue of whether Petitioner had excused this procedural default by showing a miscarriage of justice based on actual innocence. The Court explained that it would "address this issue after the parties . . . briefed all of the nondefaulted claims in accordance with the Amended Scheduling Order dated July 29, 2005, and after the Court . . . addressed these nondefaulted claims seeking comparable relief." (Order, March 15, 2006.) The Court did *not*, as Petitioner now maintains, state that it would allow Petitioner or Respondent to submit more briefs regarding the issue of miscarriage of justice; it merely stated that it would defer its ruling.

Just as the Court stated in its March 15, 2006 Order, it allowed the parties to brief the nondefaulted claims; it then addressed and denied relief on the nondefaulted claims; and then it determined that, based on the extensive briefs that both parties had produced regarding cause and prejudice and fundamental miscarriage of justice, Petitioner had not overcome the procedural default of Claim Two. In short, Petitioner has had ample opportunity to brief every aspect of all the claims and issues in his federal habeas corpus petition.

---

[4]In **Dretke**, the United States Supreme Court explained that when a habeas corpus petitioner maintains that a miscarriage of justice due to "actual innocence" will result from a district court's failure to review a procedurally defaulted claim, the court "must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." **Dretke,** 541 U.S. at 394 (2004). The parties briefed all issues in this case and the Court followed this sequencing requirement.

Therefore, his Rule 59 Motion, as amended, (Doc. 96 and 97) is denied.

    IT IS SO ORDERED, this 17th day of January, 2007.


                                   S/Clay D. Land
                                        CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE