```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF GEORGIA
             ATHENS DIVISION
```

| | | |
|---|---|---|
| WILLIAM MARK MIZE, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CASE NO. 3:02-CV-110 (CDL) |
| WILLIAM TERRY, Warden, | : | |
| | : | |
| Respondent | : | |
| | : | |

## **O R D E R**

Petitioner seeks a Certificate of Appealability ("COA") regarding numerous issues decided by the Court. The Court has given substantial consideration to the issues raised in Petitioner's Application for a COA and reaffirms without reservation all of its previous orders. However, the Court does conclude that with regard to several issues raised by Petitioner in his Application for a COA, jurists of reason could disagree with the Court's resolution of the issues and that those particular issues deserve encouragement to proceed further. **Miller-El v. Cockrell**, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253); **Anderson v. Secretary for the Dep't of Corr.**, 462 F.3d 1319 (11th Cir. 2006). Accordingly, a COA is granted as to the following issues:

(1) Claim One: Whether Petitioner's right to due process, protected by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the Assistant District Attorney engaged in prosecutorial misconduct by withholding exculpatory evidence. In its November 16, 2006 Order, the Court found that the state court's analysis and ruling on these issues were neither contrary to, nor an unreasonable application of, clearly established federal law.

(2) Claim Two: Whether Petitioner's right to due process, protected by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the State's key witness lied at trial about facts critical to the jury's determination of guilt. This includes the ancillary issues of the Court's July 29, 2005 Order in which it refused to hold the proceedings in abeyance pending exhaustion of this claim in the state courts; and the Court's December 12, 2005 Order in which it refused to hold an evidentiary hearing regarding the claim. In its March 15, 2006 and November 17, 2006 orders, the Court ultimately determined that Petitioner had procedurally defaulted the claim and had failed to show cause and prejudice or a miscarriage of justice to overcome the default.

(3) Claim Three: Whether Petitioner's right to due process, protected by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, was violated when the state court failed to reverse Mize's conviction because the actual

shooter, who was the one person directly responsible for Eddie Tucker's death, admitted so in various sworn statements after Mize's trial. This includes the ancillary issue of the Court's December 12, 2005 Order in which it refused to hold an evidentiary hearing regarding this claim. The Court, in its November 17, 2006 Order, ultimately found that Petitioner had failed to exhaust the claim in the state courts and that he would be barred from raising the claim in the state courts at that time. The Court, therefore, found that the claim was procedurally defaulted and that Petitioner had not shown any excuse to overcome the procedural bar. Alternatively, the Court held, in the same November 17, 2006 Order, that even if the claim was not procedurally defaulted, the claim would still fail on the merits.

(4) Claim Five: Whether Petitioner was denied effective assistance of trial counsel, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, when trial counsel failed to conduct an adequate pretrial investigation and presentation at trial to undermine the state's theory that Mize and his co-defendant's attempted to commit arson. In its March 15, 2006 and November 17, 2006 orders, the Court found that this claim was procedurally defaulted and that Petitioner had shown no excuse to overcome the default.

Although Petitioner has not convinced the Court that he is entitled to habeas corpus relief, he has carried the burden of

showing that he is entitled to a COA on the issues described above.

Regarding the numerous other issues raised in Petitioner's Application for a COA, the Court finds that Petitioner has failed to show that "[j]urists of reason would . . . debate the correctness of the district court's ruling[,]" or that the issues deserve encouragement to proceed further. **Anderson**, 462 F.3d at 1325. Therefore, the Court declines to grant a COA on the remaining issues.

Based on the foregoing, a COA is granted as to each of the issues specifically enumerated above.

IT IS SO ORDERED, this 22nd day of March, 2007.

                                          S/Clay D. Land
                                              CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE